# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00307-REB

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

1. **JORGE ALBERTO DEL REAL RUIZ,**
   a/k/a "JORGE ALBERTO DEL REAL SANCHEZ", a/k/a "GUERO,"
2. HECTOR HERNANDEZ,
3. **JODI LAUGHNAN,**
4. **MARCO ANTONIO ORTEGA,**
   a/k/a "MARCOS NAVARRO ORTEGA,"
5. **LORENZO PALOMO MAGALLANES,**
6. **JUAN ANTONIO SANDOVAL LORA,**
7. **DEBRA TUCKER,**
8. **JUAN VARGAS,**
9. **JENNIFER ZELENY, and**
10. **OSCAR ORTEGA,**

        **Defendants.**

## SCHEDULING ORDER

On September 2, 2008, I conducted a status hearing. After conferring with counsel and considering the parties' **Notice of Filing Joint Proposed Scheduling Order** [#128] filed on September 23, 2008, I now enter the following scheduling order.

**THEREFORE, IT IS ORDERED** as follows:

1.    That the following motions and concomitant responses shall be filed as required in the table below:

| Type of Motion | Motion Filing Deadline | Response Filing Deadline |
| --- | --- | --- |
| Wiretap suppression motions | January 23, 2009 | 45 days after filing deadline[1] |
| Fed.R.Crim.P. 12[2] | February 13, 2009 | 15 days after filing deadline |
| 18 U.S.C. § 3501[3] | February 13, 2009 | 15 days after filing deadline |
| Motions to Suppress[4] | February 27, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 14[5] | February 27, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 12(b)(3)[6] | February 27, 2009 | 15 days after filing deadline |
| Fed.R.Evid. 609(a)(1)[7] | March 13, 2009[8] | ✗✗✗✗✗✗✗✗✗✗ |

---

[1] The government may file its response to any timely filed motion within 15 days of the deadline for filing a motion in this category of motions, as opposed to within 15 days of the filing of the discrete motion to which the response applies.

[2] Other than motions brought under Fed.R.Crim.P. 12(b)(3).

[3] Motions impugning the admissibility of confessions.

[4] Other than motions to suppress relating to wiretaps and motions under 18 U.S.C. § 3501. I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P. 12(b)(3)(C) addresses "(C) a motion to suppress evidence."

[5] Motions to sever. Once again, I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P. 12(b)(3)(D) addresses "(D) a rule 14 motion to sever charges or defendants."

[6] Includes motions brought under Fed.R.Crim.P. 12(b)(3)(A), (B), and (E). *See* footnotes 4 and 5 above.

[7] I realize that this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

[8] I realize that this deadline is slightly beyond the 180 days discussed during the September 2, 2008, hearing; however, as requested by counsel, it accounts for the intervening holiday season.

2. On March 16, 2009, at 10:00 a.m., the court shall conduct a telephonic[9] scheduling conference, at which timely filed pretrial motions that the court determines should be set for hearing may be set for hearing; provided, furthermore, that counsel for the government shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference.

Dated December 19, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[9] Thus, no party or attorney need appear in person.